*George W. Riley, Corporation Counsel,* for city of Lockport, appellant.

*Louis L. Babcock* and *Warren Tubbs* for Niagara, Lockport and Ontario Power Company., respondent.

*William L. Ransom, William W. Storrs, Henry R. Frost, Jacob H. Goetz* and *Jeremiah M. Sheehan* for International Power and Transmission Company, et al., respondents.

Judgment affirmed, with costs, on opinion of CROUCH, J., below.

Concur: CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.  Not sitting: POUND, J.

---

ROBERT A. BADGER et al., Respondents, *v.* SCOBELL CHEMICAL COMPANY, INC., et al., Appellants.

*Contract — fraud — rescission — corporations — agreement by defendant who with his wife owned entire stock of corporation to reduce holdings and issue new stock for capital to be supplied so as to establish parity of holdings between himself and wife and new stockholders — failure to issue new stock — contract rescinded for fraud.*

*Badger* v. *Scobell Chemical Co., Inc.,* 222 App. Div. 712, affirmed.

(Argued February 16, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 3, 1927, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at an Equity Term adjudging that a certain agreement between defendant George W. Scobell on behalf of defendant Scobell Chemical Company, Inc., and plaintiff Robert A. Badger be rescinded for fraud and that upon surrender by plaintiffs of the stock in the corporation paid for by them to the defendants that plaintiffs recover from defendants the amount paid with interest. Defendant Scobell and his wife owned all of the stock of the Scobell Chemical Company. Mr. Scobell, for the company, and Mr. Badger agreed that, if Mr. Badger would procure $15,000 cash capital and become associated in the management, Mr. Scobell would reduce the holdings

of himself and wife from 308 to 200 shares and cancel some $4,400 standing to his credit on the books; that the company would issue stock at par for the $15,000 so to be procured, and that, for his services in procuring the capital, Mr. Badger should receive 50 additional shares, to be issued in January, 1924, thus establishing a parity of interests between Mr. Scobell and wife and Mr. Badger and his associates. Plaintiff Badger performed on his part but defendant failed to issue to him the stock as agreed and by an election of directors excluded plaintiffs from participation in the affairs of the company except as minority stockholders.

*George S. Van Schaick* for appellants.

*Arthur L. Wilder* and *William W. Armstrong* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

SAMUEL S. ZUCKERMAN, Respondent, *v.* DASCO IMPORT Co., INC., Appellant.

*Contract — services — commissions — contract of employment terminable on thirty days' notice — action for commissions on orders obtained after notice where goods were not delivered until after termination of employment.*

*Zuckerman v. Dasco Import Co., Inc.,* 222 App. Div. 654, affirmed.
(Argued February 16, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1927, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover commissions for goods sold under a written contract of employment terminable by either party by giving thirty days' notice. Defendant having given notice of termination plaintiff continued to solicit orders for thirty days thereafter. The question was whether he was entitled to commissions